Albert T. SCHEIWER, Plaintiff,

v.

SNAP–TITE, Inc., Defendant.

Civ. A. No. 319-E.

United States District Court,
W. D. Pennsylvania.

Nov. 10, 1954.

Charles Lovercheck, Erie, Pa., for plaintiff.

Isaac J. Silin, Erie, Pa., Woodling & Kroust, Cleveland, Ohio, for defendant.

WILLSON, District Judge.

This suit is for money damages for breach of a written agreement to pay plaintiff royalties of a percentage of dollar volume of defendant's gross sales. The period of the contract is from November 1, 1948 to November 1, 1954. The contract is not attached to the complaint. It is alleged that plaintiff is the owner of some fourteen patents and has applied for some twenty-four additional patents. In his complaint, plaintiff says that he:

4. " * * * granted to defendant an exclusive license to make, use and sell devices covered by or associated with any of the patents, extensions thereof, or applications for letters patent, together with all improvements, listed in said schedule."

The complaint further avers that defendant:

6. " * * * has produced and sold, and is continuing to produce

and sell, many thousands of devices covered by or associated with one or more of said patents."

Another averment is that defendant agreed:

10. " * * * to use its best endeavors to market and sell to as wide an extent as its facilities reasonably permit the devices that were the subject of said agreement * * *."

Plaintiff submitted fifteen interrogatories to defendant. Defendant has filed what it designates as "Answers and Objections to Plaintiff's Interrogatories." Plaintiff thereupon filed a motion to require further answers to plaintiff's interrogatories. The matter has been heard at argument.

In his motion, plaintiff asserts that defendant's answers to interrogatories Nos. 9 to 12, inclusive, are incomplete, inadequate and evasive, and fail to supply plaintiff with discovery to which he is entitled under Rule 33, 28 U.S.C. Plaintiff, therefore, requests that defendant be ordered to further file full answers to interrogatories Nos. 9 to 12, inclusive.

It is well at this point to refer to the answer to the complaint. Defendant admits the contract, but denies that the written agreement contains the undertakings that are alleged by plaintiff in the complaint. Defendant states that said agreement granted certain rights in accordance with the terms appearing therein. Defendant further avers that the agreement required the payment of royalties in accordance with the terms appearing therein. Defendant admits payment to plaintiff of $49,810.52 in royalties, but says such amount was an overpayment of the correct amount due plaintiff. Defendant further denies that it has failed and refused to pay plaintiff royalties to which plaintiff is entitled and avers that no payments have been made to plaintiff for the period in question by reason of the previous overpayment of royalties and by reason of the failure of plaintiff and defendant to agree on the payment of royalties under the terms of the agreement. Defendant further avers that the patents and applications listed in the complaint, Exhibit "A", do not cover devices made and sold by defendant.

[1] Under the pleadings there is no way to determine what portion of defendant's business plaintiff alleges to be within the terms of the agreement. Plaintiff says that defendant has produced and sold and has continued to produce and sell many thousands of devices. No description of any devices or articles is given. The devices covered by the patents are described in Exhibit "A" as "coupling." Rule 26(b) permits examination by deposition or interrogatories, " * * * including the existence, description, * * * or other tangible things" of persons having knowledge of relevant facts. On the other hand, it is not the purpose of interrogatories to compel an adversary to make detailed comparisons of specific features of devices and to determine whether or not such descriptions bring an article within the scope of a patent. In this case, plaintiff avers a contract breach because of defendant's sales of articles covered presumably by one or more of the patents or applications. This is denied by defendant. It says none of its business comes within the terms of the agreement or the patent. It seems then, that the ultimate issue for decision by the Court is whether the articles manufactured and sold by defendant come within the purview of the patent protection. In that respect, it would seem that the first requirement is a description of the articles covered by the patents. Then it would seem that a description of the devices and articles manufactured by defendant is in order. With the foregoing in mind, attention is directed to the interrogatories.

Defendant objects to the first eight interrogatories propounded. The first requires defendant's gross sales for each calendar month during the period. The

second requests defendant to describe each different article sold by defendant during the period and to state the identifying article number given each device by the defendant. The third requests defendant to state the quantity of each article sold during the period. The fourth requests defendant's gross sales in dollars of each article during each calendar month of the period. The fifth calls upon defendant to describe each device sold by defendant that is covered by or associated with any of the patents and state the identifying article number given each such device. The sixth requests defendant to state the quantity of each device referred to in the fifth sold by defendant during each calendar month of the period. The seventh requests disclosure of defendant's gross sales in dollars for each of the devices referred to in the fifth interrogatory during each calendar month. The eighth requests the defendant to state the dollar amount of royalties paid during each calendar month of the period.

■ It is suggested that plaintiff is entitled, of course, to get information from defendant in support of its assertion that defendant is manufacturing and selling thousands of devices protected by plaintiff's patents. The point though, is whether plaintiff has gone beyond the usual scope of interrogatories under Rule 33 in this instance. Apparently the articles in question are metal couplings of some description. By the interrogatories, plaintiff seeks to require defendant by a process of elimination, first starting with defendant's gross sales, to segregate the business covered by the agreement from defendant's other gross sales. Further, plaintiff desires a description of each article sold by defendant during the period, with its identifying article number and the quantity of such articles. Then follows a request in No. 5 for a description of each device sold during the period that is covered by or associated with any of the patents. And then in No. 6, plaintiff refers again

to the quantity of each of such devices, and in No. 7, the gross sales of each of such devices as are covered by the patents.

In defendant's objections, it offers to permit inspection of its establishment by plaintiff in order that plaintiff may examine the articles made and sold by it. Plaintiff, of course, has the right to interrogate defendant's officers on oral deposition with regard to all articles and the quantity of articles. It does not seem, however, within the intendment of Rule 33 that defendant can be compelled by interrogatories to describe all of its manufactured articles in considerable detail and make comparisons with the requirements of the patents and then by a conclusion indicate to plaintiff its dollar volume and quantity of devices or articles sold by it coming within the protection of the patents. Such a requirement is beyond an order of the Court to enforce. An interrogatory which embraces a description of a device coupled with an inquiry as to how many of such described articles were sold by defendant is relevant under the issues presented. But here there is no description of any article in either the complaint or the answer. The interrogatories call for a comprehensive study of defendant's books and records and detailed descriptions and comparisons. The propounded interrogatories, in addition, require defendant to assume the duty and responsibility of determining questions of fact and of law with respect to whether the articles it makes and sells are within the terms of the agreement. The foregoing applies to the first seven interrogatories, the objections to which will be sustained.

■ Interrogatory No. 8 is a request for the amount of dollar royalties paid. This information certainly is within the knowledge of defendant and even though within plaintiff's knowledge, nevertheless may be the subject of an interrogatory under the rule. Therefore, the objection is overruled.

■ Defendant purports to answer interrogatories Nos. 9, 10, 11 and 12. Plaintiff is not satisfied with the answers given to these interrogatories and requests that the Court order that defendant file full and fair answers to said interrogatories. In Nos. 9, 10 and 11, plaintiff is seeking information as to how defendant computed the royalty payments which it made to plaintiff and the amount of the overpayment and how it was computed. In view of defendant's answer, it seems that it has answered fully the three interrogatories, Nos. 9, 10 and 11, except that in the answer defendant states, paragraph 7, " * * * that such amount was an overpayment of the correct amount due plaintiff." The inference being, from the answer, therefore, that some amount became due plaintiff at some period of time. As royalty payments have been admittedly made by the defendant to the plaintiff, it appears that the information requested in the three interrogatories mentioned is relevant and is a proper inquiry by interrogatory under the rule.

■ Defendant purports to have answered interrogatory No. 12, which relates to the issue raised in paragraph 10 of the complaint, wherein plaintiff averred that defendant agreed to use its best endeavors to market and sell the devices that were the subject of the agreement. Plaintiff takes the position that the answer given by defendant is insufficient. It seems to the Court that the answer is most sketchy and inadequate. This appears a proper subject of inquiry by interrogatory. Defendant will be directed to answer it completely and fully.

■ As to interrogatory No. 13, to which defendant objects, it seems unnecessary to require defendant to detail expenditures made in endeavoring to market and sell the devices. A full and fair answer to No. 12 necessarily includes reference to general expenses. The averment on the part of the plaintiff as to the requirement is general in terms. It is not believed equitable to require defendant to state its expenditures with respect to the promotion of the devices in question in view of the fact that the Court has no knowledge as to whether defendant was engaged in selling articles other than those which were the subject of the contract between the parties. In view of defendant's objection that the interrogatory imposes an unwarranted and onerous burden in that detailed accounting records are not practical and the information is not available, the objection is sustained.

An order will be entered in accordance with the views herein expressed.